## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DA YANG, et al., *Plaintiffs*, v. DUZON TRADING, INC, et al., *Defendants.* | Civil Action No. 20-5800 **ORDER** |

**THIS MATTER** comes before the Court by way of Plaintiffs Da Yang's ("Yang") and JUMA HK Ltd's ("Juma" and together with Yang, "Plaintiffs"), unopposed Motion for Default Judgment, ECF No. 11, pursuant to Federal Rule of Civil Procedure 55(b)(2),[1] against Defendants;

and it appearing that this action arises out of an alleged breach of contract surrounding Plaintiffs' purchase of merchandise from Defendants, see Am. Compl., ECF No. 5;

and it appearing that on or about October 15, 2019, Defendant JiYong Heo ("Heo"),[2] a sales representative for Defendants Duzon Trading, Inc. ("Duzon"), Urban Sources USA, Inc. ("Urban Source"), and Ran-H Corporation ("Ran-H") (collectively the "Corporate Defendants"), solicited Plaintiffs to purchase Defendants' fall and winter apparel line, id. ¶¶ 16, 23;

and it appearing that in the initial conversations between Yang and Heo, Heo represented that Defendants "were founded in 1998[,] . . . had been selling apparel since 2000, and had more than 320 brands agency rights, along with wholesale and retail licenses," id. ¶ 24; see also id. Ex. 1 (translations of text conversations between Yang and Heo);

---

[1] In deciding whether entry of default is warranted, the Court treats "the factual allegations in a complaint, other than those as to damages . . . as conceded by [the] defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).

[2] Throughout the Amended Complaint, Plaintiffs refer to Heo as "JiYong Heo," "JY Heo," and "Ray Hur." See Am. Compl. ¶¶ 16, 23.

and it appearing that in November 2019, Plaintiffs paid $174,106.85 to Urban Source in exchange for Plaintiffs' purchase of apparel, id. ¶¶ 28-31;[3]

and it appearing that on or about November 30, 2019, the apparel Plaintiffs purchased was shipped from New York and arrived in Beijing, China in December 2019, id. ¶¶ 34-35 & Ex. 6;

and it appearing that on December 14, 2019, the carrier attempted to deliver the apparel to Plaintiffs' warehouse, but was unsuccessful, see id. ¶¶ 35-37;

and it appearing that on December 22, 2019, the apparel Plaintiffs purchased was delivered to an individual named Guangping Ren, who is unassociated with Plaintiffs, id. ¶ 38 & Ex. 6;

and it appearing that on January 6, 2020, Defendants contacted Plaintiffs via email, stating that they had placed Plaintiffs' merchandise in a warehouse and would resell it if they were unable to get in touch with Plaintiffs, id. ¶ 39;

and it appearing that on January 18, 2020, Yang contacted Defendants requesting the status of the merchandise and/or a refund of payments already made if Defendants had decided to resell the apparel, id. ¶ 40;

and it appearing that Yang additionally attempted to contact Heo multiple times to resolve the dispute, but Heo did not respond, id. ¶ 41;

and it appearing that as of the date of the Amended Complaint, Plaintiffs had not received the merchandise paid for or any refund from any of the Defendants, id. ¶ 42;

and it appearing that on July 8, 2020, Plaintiffs filed the instant action, ECF No. 1, and on September 4, 2020, Plaintiffs filed the Amended Complaint alleging (1) Breach of Contract, Am.

---

[3] On or about November 7, 2019, Heo generated an invoice with the total amount due of $169,062.88 in exchange for Plaintiffs' purchase of apparel, id. ¶ 28 & Ex. 2, which Plaintiffs paid to Urban Source, id. ¶ 29 & Ex. 3.  Then, on November 29, 2019, Plaintiffs received a second invoice of $5,043.97 due to changes in the quantity of goods and cost increases on international shipping, id. ¶ 30 & Ex. 4, which Plaintiffs paid the next day, id. ¶ 31 & Ex. 5.

Compl. ¶¶ 44-51 ("Count I"), (2) Breach of the Covenant of Good Faith and Fair Dealing, id. ¶¶ 52-57 ("Count II"), (3) Conversion, id. ¶¶ 58-66 ("Count III"), (4) Unjust Enrichment, id. ¶¶ 67-73 ("Count IV"), (5) Violation of New Jersey's Uniform Commercial Code, N.J.S.A. §12A:1-304, id. ¶¶ 74-80 ("Count V"), (6) Fraud, id. ¶¶ 81-92 ("Count VI"), and (7) Constructive Fraud, id. ¶¶ 93-95 ("Count VII");

and it appearing that Defendants were served on September 24, 2020, see ECF No. 8, but have failed to answer or otherwise respond to the Amended Complaint as of the date of this Order;

and it appearing that on November 12, 2020, Plaintiffs requested that the Clerk of the Court enter default against Defendants, ECF No. 10, which the Clerk entered on November 13, 2020;

and it appearing that on January 8, 2021, Plaintiffs filed the instant Motion seeking judgment against the Corporate Defendants, Jong Hwang a/k/a John Hwang ("John Hwang"), and Eun Jun Hwang a/k/a Jenny Hwang ("Jenny Hwang"), ECF No. 11;[4]

and it appearing that, before entering a default judgment, the Court must determine whether it has jurisdiction over the action and the parties, see Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 848 (D.N.J. 2008), and whether Plaintiffs properly served Defendants, see E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC, 19 F. Supp. 3d 560, 567 (D.N.J. 2014);

and it appearing that the Court has subject-matter jurisdiction over the instant action under 28 U.S.C. § 1332 as there is complete diversity among Plaintiffs and Defendants and the amount in controversy exceeds $75,000, see Am. Compl. ¶ 18;

and it appearing that the Court has general personal jurisdiction over the Corporate Defendants because New Jersey is the Corporate Defendants' state of incorporation and principal

---

[4] Plaintiffs do not seek default against Heo, as they have not yet located or served him.  See Pl. Mem. at 1 n.1.

place of business, see id. ¶¶ 6-13; Daimler AG v. Bauman, 571 U.S. 117, 137 (2014) (explaining that the "paradigm all-purpose forums" for a corporation are its state of incorporation and principal place of business);

and it appearing that the Court also has personal jurisdiction over Defendants Jenny Hwang and John Hwang, as they were personally served in New Jersey, see ECF No. 8 at 2-3; Burnham v. Superior Ct. of Cal., 495 U.S. 604, 610-11 (1990);

and it appearing that venue is proper under 28 U.S.C. 1391(b) because the Corporate Defendants are based in New Jersey and a substantial part of the events giving rise to the claims occurred in New Jersey, see Am. Compl. ¶¶ 19-20;

and it appearing that service is proper as to the Corporate Defendants, as a process server served a copy of the Amended Complaint and Summons upon Jenny and John Hwang, who are authorized to accept service on behalf of the Corporate Defendants, see ECF No. 8; see also Am. Compl. ¶ 15 (alleging that Jenny and John Hwang "are the founders, shareholders, board of directors and managers of Duzon, Urban Source, and Ran-H");

and it appearing that similarly, service is proper as to Jenny and John Hwang as they were served personally, ECF No. 8 at 2-3;

and it appearing that the Court must also determine whether Plaintiffs have stated a valid cause of action and have proven damages before it enters default judgment, Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536, 538 (D.N.J. 2008);

and it appearing that the Amended Complaint fails to state a claim upon which relief may be granted because it contains impermissibly vague group pleading;

and it appearing that although Federal Rule of Evidence 8(a) "does not require that a complaint contain detailed factual allegations," Plaintiffs must plead facts sufficient to "place

Defendants on notice of the claims against each of them," <u>Forero v. APM Terminals</u>, No. 18-13754, 2019 WL 6168031, at *5 (D.N.J. Nov. 19, 2019) (quoting <u>Sheeran v. Blyth Shipholding S.A.</u>, No. 14-5482, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015)); <u>see also</u> <u>Ingris v. Borough of Caldwell</u>, No. 14-855, 2015 WL 3613499 (D.N.J. June 9, 2015) ("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading.");

and it appearing that here, Plaintiffs allege that they were in communication throughout the purchasing process with Heo and that they paid Urban Source for the apparel, Am. Compl. ¶¶ 28, 41, but Plaintiffs fail to allege details regarding any other Defendants involvement whatsoever, and further fail to allege which Defendants were involved in the alleged contract with Plaintiffs and which Defendants allegedly interfered with the delivery of Plaintiffs' apparel;[5]

and it appearing that without a greater level of specificity in the pleadings, the Court cannot evaluate the propriety of entering default judgment against any of the Defendants, <u>see</u> <u>Shaw v. Hous. Auth. of Camden</u>, No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) ("Even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants.");[6]

---

[5] Although the Amended Complaint states that Urban Source received Plaintiffs' payments, it nonetheless fails to allege (a) the terms of any contract between Urban Source and Plaintiffs, and (b) whether Urban Source was responsible for delivery and interfered with Plaintiffs' rights to the apparel.

[6] The Court notes that such generalized pleading is particularly inadequate where Plaintiffs appear to seek to hold Jenny and John Hwang, as managers of the Corporate Defendants, and Ran-H, as the parent corporation, liable for the actions taken by Urban Source and its sales representative. Jenny and John Hwang, as corporate officers, can only be held liable for the actions of Urban Source if they were sufficiently involved in the commission of the alleged wrongdoing. <u>See</u> <u>Saltiel v. GSI Consultants, Inc.</u>, 170 N.J. 297, 303 (2002). Similarly, Ran-H, as the parent company of Urban Source, can be held liable for the actions taken by Urban Source only if a plaintiff proves that the "subsidiary is a mere instrumentality of the parent, without a separate existence." <u>Intelnet Inter. Corp. v. ITT Corp.</u>, 2006 WL 2192030, at *12 (N.J. App. Div. Aug. 4, 2006). Plaintiffs have failed to allege facts sufficient to establish either of these prerequisites.

and it appearing that default judgment is therefore not warranted based on the pleadings;[7]

**IT IS** on this 26th day of August, 2021;

**ORDERED** Plaintiffs' Motion for Default Judgment, ECF No. 11, is hereby **DENIED**; and it is further

**ORDERED** that to the extent Plaintiffs can cure the deficiencies identified in this Order, they may file a Second Amended Complaint within thirty (30) days, after which time a renewed motion for default judgment may follow.

> */s Madeline Cox Arleo*
> **MADELINE COX ARLEO**
> **UNITED STATES DISTRICT JUDGE**

---

[7] The Court also notes that there are additional reasons why default judgment is inappropriate at this juncture. First, Plaintiffs have failed to sufficient plead a cause of action for other reasons. Although Plaintiffs allege breach of contract and breach of implied covenant of good faith and fair dealing—both of which require Plaintiffs to show the existence of a valid contract, see, e.g., Creative Concepts Mfg. Ltd. v. Team Beans LLC, No. 17-6066, 2018 WL 2002800, at *4 (D.N.J. Apr. 30, 2018)—Plaintiffs have not provided the Court with a copy of any written agreement between the parties nor do Plaintiffs allege the terms of such a contract, leaving the Court guessing as to the terms regarding the method of delivery of the apparel, which is pertinent to Plaintiffs claim. Moreover, although Plaintiffs contend that Defendants made misrepresentations about the Corporate Defendants' reputation, Plaintiffs do not allege why or how these misrepresentations are material. See Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997).

Second, Plaintiffs bear the burden of proving damages. In addition to seeking $174,106.85, the amount paid for the apparel, Plaintiffs claim they incurred loss of profits in the amount of $33,348.56. Yang Certification ¶ 18, Ex. C, ECF No. 11.2. Plaintiffs provide the Court with no analysis on how it reached that figure. Additionally, Plaintiffs seek attorneys' fees of $8,430 and costs of $857.50, but the law in New Jersey is clear that attorneys' fees may only be recovered "if they are expressly provided for by statute, court rules, or contract," which is not the case here. See Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 427 (2009) (quoting Packard-Bamberger & Co., Inc. v. Collier, 167 N.J. 427, 440 (2001)).

In any future iteration of pleadings and motions, Plaintiffs shall address these issues as well.